UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEXTEP INC., a Nevada Corporation, ) | |
| ) | |
| Plaintiff, ) | 3:12-cv-00002-LRH-WGC |
| ) | |
| v. ) | |
| ) | ORDER |
| CMD CORPORATION, a Wisconsin ) | |
| Corporation, and DOES 1 through 10, ) | |
| ) | |
| Defendants. ) | |

Before the court is Defendant CMD Corporation's motion to dismiss for improper venue (#5[1]). In response, Plaintiff Nextep Inc. filed a consolidated opposition (#9) and cross-motion to strike the declaration of CMD's counsel (#10), CMD filed a reply (#11) and cross-opposition (#13), and Nextep filed a cross-reply (#15).

**I.     Facts and Procedural History**

This is an action which involves a dispute over four sales contracts between Nextep and CMD for the purchase and sale of commercial machinery used in the manufacture of plastic trash bags. Purchaser Nextep is incorporated in and has its principal place of business in Nevada. Seller CMD is incorporated and has its principal place of business in Wisconsin.

In December 2011, Nextep filed suit in Nevada state court alleging claims for fraud,

---

[1]Refers to the court's docket entry number.

negligent misrepresentation, breach of express and implied warranties, unjust enrichment, and deceptive trade practices, and praying for $8 million in compensatory damages plus other relief. On January 4, 2012, CDM removed the action to this court on the basis of diversity jurisdiction.

CMD now moves to dismiss the action for improper venue under Federal Rule of Civil Procedure 12(b)(3) on the basis of a forum selection clause requiring suit in Wisconsin. Nextep opposes the motion principally on the ground that the forum selection clause CMD relies upon is not binding because it was not made a part of any of the documents comprising the parties' sales contracts.

Nextep also cross-moves to strike the supporting affidavit of CMD's counsel under Rule 12(f) on the basis that the affidavit goes beyond merely authenticating the attached documents by attesting to material facts at issue. Nextep contends that counsel either lacks personal knowledge of such facts, or counsel is testifying as a witness in the case, which would disqualify his representation. CMD opposes the motion, contending that counsel's affidavit is not a pleading within the purview of Rule 12(f), and that the matter is moot because CMD has provided the same information in its reply affidavits by witnesses with personal knowledge of the material facts. Although Rule 12(f) may be inapplicable, pursuant to the court's inherent authority to strike impertinent materials or disregard inadmissible evidence, the court shall consider defense counsel's affidavit only to the extent it authenticates the accompanying exhibits. Subject to that caveat, Nextep's motion to strike shall be denied and the court shall proceed to considering CMD's motion to dimiss.

## II.    Legal Standard

A forum selection clause is grounds for a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). In diversity cases, federal law governs both the enforcement and interpretation of contractual forum selection clauses. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513

(9th Cir. 1988). "A contractual forum selection clause is 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989) (quoting *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972)). That presumes, however, that the existence of the forum selection clause in the contract is undisputed, which is not the case here.

Where there are disputes of material fact on the existence, validity, or enforceability of a forum selection clause in the context of a Rule 12(b)(3) motion, "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). Because Rule 12(b) motions are ordinarily brought early in litigation when the factual record is undeveloped and granting the motion will foreclose suit in the plaintiff's chosen forum, "if the facts asserted by the non-moving party are sufficient to preclude enforcement of the forum selection clause, the non-moving party is entitled to remain in the forum it chose for suit unless and until the district court has resolved any material factual issues that are in genuine dispute." *Id.* at 1139. Accordingly, in resolving a Rule 12(b)(3) motion at the outset of litigation when genuine factual issues are raised, the district court has discretion to either hold the motion in abeyance pending an evidentiary hearing on the disputed facts, or "deny the Rule 12(b)(3) motion while granting leave to refile it if further development of the record eliminates any genuine factual issue." *Id.*

### III. Discussion

At the core of the parties' dispute over the applicability and enforceability of the forum selection clause is a fundamental dispute over how the four sales contracts were formed and which documents comprise those contracts. It is undisputed that each sales contract included the exchange of four documents in the following order: (1) CMD sent a "Proposal / Sales Contract"; (2) Nextep sent a "Purchase Order"; (3) CMD sent an "Invoice" for a 15% down payment; and (4) CMD delivered the product along with an "Order Acknowledgement." Only the CMD-generated

documents at steps 1 and 4 included the forum selection clause at issue here.

Both parties take the position that contract formation occurred before step 4; they dispute whether CMD's proposals constituted part of that formation. CMD contends that the contract terms in each of the four Proposals / Sales Contracts "were accepted by Nextep's issuance of the Purchase Orders and down payments," and that the Order Acknowledgements "simply confirm" those terms. Reply (#11), p. 5. Nextep contends that only the Purchase Orders and Invoices constitute the parties' sales contracts. Nextep argues that CMD's Proposals were never accepted, and that Nextep's Purchase Orders constituted counteroffers that CMD accepted through its issuance of invoices and acceptance of Nextep's down payments. As support, Nextep points out that the terms of the Proposals require for acceptance both a signature and issuance of a purchase order and down payment. *See, e.g.*, Doc. #12, p. 29 ("Once customer has approved this proposal and has issued a purchase order and down payment . . . "). Yet Nextep never signed the Proposals; the signature lines on each are blank. Moreover, the terms of Nextep's Purchase Orders differed materially from the Proposals as to price, the omission of any forum selection clause, and other matters.

On this record, the court finds that there are genuine issues of material fact as to whether the forum selection clause in CMD's proposals was accepted by Nextep and became part of the operable terms of the parties' sales contracts.[2] The court also finds that the parties' factual disputes are likely to benefit from further development of the evidentiary record through discovery, which has yet to occur. The court therefore will deny the motion without prejudice and with leave to refile it after further factual development, at which point the court may hold an evidentiary hearing

---

[2] Material factual disputes also may exist regarding the relevance, if any, of the Order Acknowledgements in the formation of the parties' contracts, including whether the signatory for Nextep had authority to accept the terms of those documents. Because both parties assert that contract formation occurred before the Order Acknowledgements were signed, the court does not reach these issues.

4

1  to resolve any factual disputes.  *See Murphy*, 362 F.3d at 1139.

2      IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#5) is DENIED

3  without prejudice.

4      IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#10) is DENIED.

5      IT IS SO ORDERED.

6      DATED this 17th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE